JAMES JOHNSON *v.* STATE OF INDIANA.

[No. 673S119. Filed July 10, 1974. Rehearing denied September 23, 1974.]

*William C. Erbecker*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *John H. Meyers*, Deputy Attorney General, for appellee.

DEBRULER, J.—This appeal is from the denial of a Post Conviction One petition. The previous history of the case is set forth in the opening paragraphs of the unanimous opinion on the original appeal, *Johnson* v. *State* (1972), 257 Ind. 389, 275 N.E.2d 14:

> "On June 4, 1970, appellant was indicted for First Degree Murder and on June 10, 1970, was arraigned and pleaded not guilty. Appellant waived trial by jury. On November 5, 1970, appellant was found guilty of second degree murder in Marion Criminal Court. The court entered the following judgment:
>
>> 'The Court finds your are [sic] [age] to be forty-five [45] years of age and sentences you to the Indiana State Prison for a term of life imprisonment.'
>
> On March 15, 1971, appellant filed a Petition to File a Belated Amended Motion to Correct Errors, pursuant to Post-Conviction Remedy Rule 2. The petition was granted and the motion overruled on the same day. This appeal followed."

In that opinion it was said that the sole issue raised on appeal was the trial court's sustaining of these objections made by the prosecution to questions asked of State's witnesses on cross-examination. It was held that no abuse of the trial court's discretion had been shown.

In his post conviction petition, appellant alleged that perjured testimony was given against him during the trial, by

State's witnesses against him and that such evidence permeated the trial to such an extent that his conviction should be reversed. This allegation rests upon § 1(a) (4) of PC. Rule 1, which states that:

"(a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:

*    *    *

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice."

Appellant also alleges that insidious and inflammatory evidence in the form of gruesome photographs of the deceased victim's body were unlawfully used against him; and that the alleged murder weapon introduced at trial was obtained by the State as the product of an unlawful search and seizure and was therefore unlawfully received in evidence against him; and that the use of such evidence by the State warrants reversal of his conviction. These two allegations rest upon § 1(a) (1) of PC. Rule 1, which states:

"(a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:

(1) that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state."

The State filed an answer in general denial, and also alleged that the claims made in the petition had been previously adjudicated, and also that the right to urge these grounds for relief had been waived.

At the hearing on the petition, the only evidence which was presented was the oral testimony of the appellant. Upon this evidence, the trial court, in sparse terms, decided each of the above issues on their merits, against the appellant. The trial court concluded that the appellant had failed to establish his grounds for relief by a preponderance of the evidence, as required by § 5 of PC. Rule 1.

The State in its answer brief on appeal makes persuasive

arguments that each of the grounds for relief, relied upon by appellant in the trial proceedings has been waived. *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538; *Dixon* v. *State* (1972), 154 Ind. App. 603, 290 N.E.2d 731. But here, the trial judge, in his findings and conclusions, ignored the issues and evidence of waiver proffered by the State, and instead found that the appellant had failed in his burden of proof. Since the trial judge did not find a waiver to have occurred, and further since the State did not file cross-errors on appeal alleging that the trial court erred in failing to make special findings and conclusions on the issue of waiver, we cannot base our decision here upon waiver principle. *Langley* v. *State, supra.*

Since we are required to decide the merits of the issues raised in this appeal, we are guided at the outset by the principle that a decision of a trial court against the party bearing the burden of proof will not be set aside on appeal unless the evidence is without conflict and leads unerringly to a result not reached by the trial court. *State* v. *Smithers* (1971), 256 Ind. 512, 269 N.E.2d 874; *Pokraka* v. *Lummus Co.* (1951), 230 Ind. 523, 104 N.E.2d 669. The findings and judgment of the trial court here are negative in legal contemplation. Appellant's first ground for relief is that there exists "evidence of material facts, not previously presented and heard" at the trial resulting in his conviction. PC. 1, § 1(a) (4). He supports this simply by his own oral testimony given at the post conviction hearing that eye witnesses for the State lied at trial when they testified that they were present at the scene of the shooting upon which the charge of murder was based. Appellant was the only witness at the hearing. No affidavits were presented. On cross-examination by the State, appellant admitted that he took the witness stand at the trial and testified that one of these eye witnesses was not at the scene of the shooting. In *Asher* v. *State* (1971), 256 Ind. 381, 269 N.E.2d 156, we held that in order for new evidence to warrant the vacation of a con-

viction it should be sufficiently material and decisive as to give rise to a strong likelihood that its presentation in a new trial would cause a different result to be reached. We are convinced that appellant's testimony on this point at a new trial would produce no such result. It is also apparent that at least part of this evidence was given at the trial, and does not qualify to support a claim under § 1(a)(4), since it had been previously presented and heard. The trial court did not err in finding a failure of proof on this ground.

In support of appellant's claim for relief that overly gruesome photographs were utilized by the State, the appellant described the photograph at the post conviction hearing as showing the corpse of the deceased. The body bore a scar from the autopsy that had been barely sewn up and partially open. The photograph itself was not introduced at the hearing, and the transcript of the trial was not introduced. The resolution of this legal issue is to be made by assessing the relevance of the photograph and the quality which it possesses to arouse passion and prejudice against the defendant. *Kiefer* v. *State* (1958), 239 Ind. 103, 153 N.E.2d 899. From the verbal description given to the trial court, we are unable to say that he erred in finding that the appellant had failed to demonstrate that this photograph was practically irrelevant and introduced solely for the purpose of inflaming the jury's emotions. *Brown* v. *State* (1969), 252 Ind. 161, 247 N.E.2d 76.

And lastly, appellant challenges the trial court finding that the evidence failed to establish that the gun, used in evidence against him at trial, had been seized in contravention of the Fourth Amendment. The burden was upon the appellant at the hearing to establish this ground. PC. 1, § 5. In the ordinary pre-trial or in-trial hearing upon a motion to suppress, the burden is upon the State to prove that a warrantless seizure of evidence falls within the authority of the recognized exceptions to the warrant requirement. *State* v. *Smithers, supra.* However, in a post

conviction proceeding, the burden is upon the appellant to establish his grounds for relief. PC. 1, § 5, *supra.* This burden carries with it the responsibility to present a sufficiently complete factual description of the persons and events surrounding the allegedly unlawful search or seizure, to permit the post conviction judge to determine that the search or seizure was conducted without a warrant and was not authorized by any of the exceptions to the warrant requirement.

Appellant sought to support this ground for relief with his own testimony that he was taken into custody in the living room of his home, on authority of an arrest warrant. The officers had no warrant to search the house. After appellant was arrested and in secure custody the officers then seized the weapon from an adjoining partial bedroom. At one point appellant stated that the weapon was twenty-five to thirty feet away from the point in the living room where he was taken into custody, and beyond an arm's length. At another point he testified that he first saw the gun in possession of a police officer after he was in the police car and that the officer was exiting from the living room with the gun. Appellant argues that the search and seizure was unlawful by the standards set forth in *Chimel* v. *California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.E.2d 685. There the Supreme Court of the United States limited the area into which an officer might legitimately search incident to a lawful arrest for weapons or evidence, to the person of the arrestee and an area into which he might reach and grab. While these facts strongly suggest an unlawful search and seizure by *Chimel* standards, we cannot say that they lead persuasively and unerringly to the conclusion appellant urges. We cannot therefore reverse the judgment of the trial court on this point. Here appellant did not state how many officers and other persons may have been present in the house at the time of his arrest, nor did he attempt to describe the movements of persons within the house or the movements of the officers in entering the house and making the arrest. No sketch or clear verbal description of

the layout of the living room and adjoining partial bedroom was offered. The position of the entrance to the house and the various rooms is not detailed. Appellant does not suggest that the gun was hidden from view. No facts were tendered which would have negated the existence of exigent circumstances at the time of the seizure which might have rendered the seizure lawful. The facts presented in support of this claim were incomplete and did not support its elemental requisites.

The judgment of the trial court is affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 313 N.E.2d 542.