Willie A. DAVIS, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 1181 S 315.

Supreme Court of Indiana.

Feb. 23, 1982.

Susan K. Carpenter, Public Defender, Carr L. Darden, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from the denial of a petition for relief under Ind.R.P.C. 1. Petitioner was adjudged guilty of rape and robbery upon a plea of guilty, and sentenced in accordance with a plea agreement. His petition sought withdrawal of the guilty plea and is based upon the allegation that the plea was rendered upon the mistaken belief that he would be given psychiatric treatment in a psychiatric hospital for the mental condition which leads him to make violent attacks upon women. It is further alleged that this mistaken belief was based upon statements made to him by his lawyer. The trial court denied the relief requested.

A post-conviction proceeding is structured so as to place the burden upon the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1, § 5. Where, as here, the decision of the trial court is against petitioner, it will not be set aside unless we must conclude that the evidence was without conflict and led unerringly to a result other than that reached by the trial court. *State v. Smithers*, (1971) 256 Ind. 512, 269 N.E.2d 874; *Johnson v. State*, (1974) 262 Ind. 183, 313 N.E.2d 542.

In compliance with the requirements of Ind.R.P.C. 1, § 6, the trial judge made the following ruling:

"FINDINGS OF FACT

1. Petitioner pled guilty pursuant to plea agreement to Rape, Class A and Robbery, Class B. He was sentenced to twenty (20) years on the Rape and ten (10) years on the Robbery. These sentences were to run concurrently.

2. Petitioner was represented by John Avery in CR 80–11D and by Sandy Bryant in CR 80–26B.

3. On November 25, 1980, Petitioner filed his Petition for Post-Conviction Relief, in the following words and figures, to-wit: (H.I.)

4. The State of Indiana filed its Answer on November 26, 1980, in the following words and figures, to-wit: (H.I.)

5. On January 28, 1981, the Court conducted an evidentiary hearing on the issues raised in Petitioner's Petition for Post-Conviction Relief.

6. Petitioner read and understood the plea agreement.

7. Psychiatric treatment was not part of the plea agreement.

8. Attorney Avery agreed to ask for psychiatric treatment, but he does not remember Petitioner saying he would not sign the plea agreement if not included.

9. No promises were made to Petitioner.

10. Petitioner did sign plea agreement.

11. Petitioner does need psychiatric counseling.

12. Attorney Avery did request psychiatric counseling for Petitioner.

CONCLUSIONS OF LAW

1. The Law is with the State and against the Petitioner.

2. Petitioner's attorneys were competent, and the service of neither constituted ineffective assistance of counsel.

3. There were no additional promises beyond the plea agreement.

4. Petitioner has failed to meet his burden of proof as to the allegations contained in his Petition for Post-Conviction Relief.

5. The Commitment should be corrected to reflect that Petitioner should receive psychiatric counseling.

WHEREFORE, it is ordered, adjudged and decreed that the Petitioner's Petition for Post-Conviction Relief should be and is hereby denied; but that a Corrected Commitment should issue to reflect psychiatric counseling for Petitioner."

These findings of fact, being against the party having the burden of proof, must be sufficiently explicit to permit the appellate tribunal to discern the basis of the decision. *Davis v. State*, (1975) 263 Ind. 327, 330 N.E.2d 738. These findings satisfy this standard. The following points are evident from these findings:

1. The statements of counsel in response to petitioner's request that he receive psychiatric treatment did not contain a promise or guarantee that such treatment would actually be received if the plea of guilty was made. Counsel did represent that a request for psychiatric counseling would be made.

2. The contemplated future request to be made for the benefit of petitioner, at or after the guilty plea was given, did not find its way into written terms of the agreement.

3. Petitioner's lawyer did request counseling for him.

4. The statements of counsel did not generate a belief in or expectancy of the receipt of psychiatric treatment in a psychiatric hospital in the mind of petitioner and no such belief or expectancy was held by petitioner at the time he executed the plea agreement or entered his plea of guilty.

The findings are insufficient to warrant the conclusion that petitioner's trial counsel was constitutionally deficient in his representation of petitioner, or that petitioner's plea was unknowing or involuntary as a product of misinformation supplied by counsel. The evidence itself is in conflict with regard to whether petitioner's choice to accept the terms of the plea agreement and plead guilty was dependent upon the representations made by counsel regarding psychiatric treatment. There was evidence presented from which it was reasonable to infer that the issue of psychiatric treatment was independent of that choice. Such evidence includes the fact that no reference to treatment is contained in the written agreement, the fact that the representation of counsel was not in the form of a promise that actual treatment would be given, and the fact that appellant expressly agreed to a twenty-year executed sentence of incarceration. Evidence to the opposite tendency was given by petitioner in his testimony and appears in the transcript of the guilty plea proceeding where petitioner first re-

sponded that he believed he had an emotional disability, and under prompting by counsel, withdrew that statement. On the basis of this competing matter, the findings of fact are not contrary to the evidence.

The trial court's decision is therefore affirmed. The trial court's issuance of a corrected commitment adding a recommendation that petitioner be given psychiatric counseling is a form of relief short of permitting the plea to be withdrawn, and it is within the authority of the court to take such action in the interests of justice. Ind. R.P.C. 1, § 1. We are in accord therewith.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.