Benny YOUNG, Appellant,

v.

STATE of Indiana, Appellee.

No. 284S70.

Supreme Court of Indiana.

Dec. 1, 1986.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of a petition for post-conviction relief. P.C.R. 1. A jury tried the original charge. Appellant was convicted of first degree murder, I.C. § 35–13–4–1 (repealed). He received a sentence of life imprisonment. This Court affirmed his direct appeal in *Young v. State* (1977), 266 Ind. 557, 364 N.E.2d 1180.

On March 24, 1981, appellant filed a pro se petition for post-conviction relief. On July 28, 1983, the trial court held a hearing on the petition. On September 9, 1983, the trial court denied the petition, and entered its findings of fact and conclusions of law.

He raises two issues on appeal: (1) whether the trial court erred in its determination that witness Richardson was competent to testify; and (2) whether there was sufficient evidence to support his murder conviction.

In post conviction proceedings Defendant bears the burden of proving his contentions by a preponderance of the evidence.

*Lamb v. State* (1975), 263 Ind. 137, 143, 325 N.E.2d 180, 183. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Rufer v. State* (1980), Ind., [274 Ind. 643] 413 N.E.2d 880, 882. Defendant stands in the position of one appealing from a negative judgment. In such cases, it is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law. *Walker v. State* (1978), 267 Ind. 649, 651, 372 N.E.2d 739, 740.

*Popplewell v. State* (1981), Ind., 428 N.E.2d 15.

## I

Appellant argues that the trial court erred in making its determination that witness Richardson was competent to testify, without holding a full-fledged hearing.

■ To begin with, the post-conviction relief process is not a substitute for a direct appeal, but is a process for raising issues not known at the time of the original trial or for some reason not available to the defendant at that time. *Kimble v. State* (1983), Ind., 451 N.E.2d 302.

Here appellant seeks review of an issue that should have been set forth in his original appeal. Ordinarily appellate review at this point would be foreclosed, however, since the trial court did not find a waiver to have occurred, and further since the State did not file cross-errors on appeal alleging that the trial court erred in failing to make special findings and conclusions on the issue of waiver, we cannot base our decision on the waiver principle. *Johnson v. State* (1974), 262 Ind. 183, 313 N.E.2d 542. Consequently we turn to the merits.

In *Antrobus v. State* (1970), 253 Ind. 420, 254 N.E.2d 873, the trial court was faced with a sworn petition for examination of a State witness as to his competency, thereby invoking the applicability of I.C. § 34–1–14–5, which declares that persons insane at the time they are offered as witnesses shall not be competent witnesses. The allega-

tions in the petition were not controverted in any manner. This court held that such petition put the trial court under a duty to conduct such a proceeding as would provide it with a sound basis upon which to make an informed determination as to the witness' alleged incompetency to be a witness due to insanity.

■ In the case at bar, by contrast, the trial court was confronted with an in-trial objection seeking the opportunity to voir dire the witness, the purposes of which were two-fold: namely, first, to demonstrate through such examination that the witness was not competent to be a witness, and second, to discover whether she was under treatment for mental illness at the time she observed the crime. Full use of this opportunity revealed that the witness had been hospitalized for treatment of mental illness in 1969, 1971 and 1974, when she was discharged. The discharge occurred one and one half years before the charged offense and two years before the trial. The trial judge overruled the objection. In light of the timing of the objection, its dual purpose and oral character, and the limited basis in fact for it, following an unrestricted opportunity to question the witness before the court, the court satisfied its duty at that point to schedule a hearing upon the objection, and was presented with a sound basis for an informed determination of incompetency due to insanity.

## II

Appellant contends that the post-conviction court was in error in determining that the evidence at the original trial was sufficient to convict. This claim was available at the time of the first appeal and should have been pressed there. Ordinarily, review of this issue by way of post-conviction rules would be foreclosed. *Kimble, supra;* and see *Brown v. State* (1974), 261 Ind. 619, 308 N.E.2d 699. However, the bar is not present for the reason previously stated.

On the merits it is clear that the evidence was sufficient to support the murder conviction.

In reviewing sufficiency claims, we do not weigh the evidence nor resolve questions of credibility, but we look to that evidence and the reasonable inferences therefrom which support the verdict. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Fair v. State* (1969), 252 Ind. 494, 250 N.E.2d 744.

Here is the evidence from the record which supports the determination of guilt. On May 12, 1975, appellant arrived at the home of Jeanette Jackson. He asked her mother, Lillian Richardson, if he could speak with Jeanette. He asked Jeanette to return to his home. She had lived previously with him. She refused to return with him. Consequently, appellant shot and killed Jeanette in the presence of her mother. On the following day, appellant surrendered himself to police, and he admitted shooting Jeanette.

The kernel of this sufficiency claim is that the state failed to prove the element of malice in first degree murder. This argument is not sustained. Both malice and purpose may be inferred by the jury from the circumstances of the crime, the nature of the attack upon the victim, or from any deliberate or cruel act by one person against another. *Morris v. State* (1979), 270 Ind. 245, 384 N.E.2d 1022; *Martin v. State* (1978), 267 Ind. 583, 372 N.E.2d 181. Malice and purpose may be inferred from the circumstances in evidence, the use of a deadly weapon in a manner likely to cause death or the act of killing a human being. *Hemphill v. State* (1979), 270 Ind. 590, 387 N.E.2d 1324; *Chatman v. State* (1975), 263 Ind. 531, 334 N.E.2d 673.

The evidence clearly supports the finding of the jury that appellant maliciously killed the victim. Appellant's theory that the killing was committed in the heat of passion does not render the evidence insufficient since the jury may simply have chosen to disbelieve his theory of the case. See *Collins v. State* (1977), 267 Ind. 233, 369 N.E.2d 422; *Strickland v. State* (1977), 265 Ind. 664, 359 N.E.2d 244.

The denial of post-conviction relief is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.