Carl MICKENS, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 70A01–9104–PC–94.

Court of Appeals of Indiana, First District.

Oct. 7, 1991.

---

Susan K. Carpenter, Public Defender, Richard Denning, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

BAKER, Judge.

This appeal calls on us to review the pleading requirements the State must adhere to in post-conviction proceedings to raise a successful defense of waiver or *res judicata*. Specifically, petitioner-appellant Carl Mickens asks us to reverse the post-conviction court's conclusion that a 1981 jury properly determined him to be an habitual offender.

Mickens was convicted in 1981 of burglary, a Class B felony[1], and of being an habitual offender.[2] Both convictions were affirmed on direct appeal to our supreme court. *Mickens v. State* (1982), Ind., 439 N.E.2d 591 (*Mickens I*). In 1983, Mickens filed a petition for post-conviction relief, alleging the amended habitual offender charge, which detailed four prior felony convictions, was improperly verified and that his trial counsel was ineffective for failing to object to the improper verification. Our supreme court affirmed the post-conviction court's denial of relief in *Mickens v. State* (1985), Ind., 479 N.E.2d 520 (*Mickens II*).

In 1988, Mickens filed a second petition for post-conviction relief, alleging several trial court errors, including the giving of an unobjected to final instruction to the jury in the habitual offender portion of his trial. After a hearing, the post-conviction court entered judgment denying relief, specifically determining the habitual offender instructions, taken as a whole, were proper, and that the other issues were waived or had been previously adjudicated. Mickens now appeals, challenging only that portion of the post-conviction court's decision relating to the habitual offender instruction.

---

1. IND.CODE 35–43–2–1.

2. IND.CODE 35–50–2–8.

Normally, Mickens's claim, raised in a second petition for post-conviction relief after direct appeal and review of a first petition for post-conviction relief, would be barred by either *res judicata* or waiver unless supported by an allegation such as newly discovered evidence, a proper showing of fundamental error, or other specific ground for relief contained in Ind. Post-Conviction Rule 1 § 1. The State, however, has failed to maintain these possible defenses properly, and we must therefore review Mickens's erroneous jury instruction claim as though he had properly objected to the instruction and we were looking at the case on direct appeal. Before analyzing Mickens's claim, however, we take this opportunity to review the *res judicata* and waiver defenses as they apply in post-conviction proceedings.

## DISCUSSION AND DECISION

### Waiver

This is the third time Mickens has challenged the determination he is an habitual offender,[3] but it is the first time he has used the final instruction as his vehicle to mount the challenge. Accordingly, the State asks us to hold the issue waived under the rule that issues which were available for review in prior proceedings but not pursued are waived. *See Cornelius v. State* (1991), Ind.App., 575 N.E.2d 20. The State has forgotten, however, the rule originating in then Judge Hunter's seminal opinion for the court in *Langley v. State* (1971), 256 Ind. 199, 267 N.E.2d 538.

■ In *Langley*, a case decided early in the era of the modern post-conviction rules, the court laid down the rule that waiver is an affirmative defense to a petition for post-conviction relief. It is therefore incumbent upon the State to plead the defense of waiver before the court can find waiver. Three years after *Langley*, the court crystallized the rule: not only must the State plead waiver, but if the post-conviction court does not find waiver, the court on appeal cannot base its decision on waiver unless the State also files a cross-appeal challenging the post-conviction court's failure to find waiver. *Johnson v. State* (1974), 262 Ind. 183, 185–86, 313 N.E.2d 542, 544.

■ Here, the local prosecutor pleaded and argued waiver throughout the course of the proceedings before the post-conviction court. The court did not find waiver, however, and the Attorney General's failure to file a cross-appeal therefore precludes us from examining the question of waiver.[4]

### Res Judcicata

*Res judicata*, the defense of prior adjudication, consists of two separate branches, claim preclusion and issue preclusion. *In re Moser* (1984), Ind.App., 469 N.E.2d 762, 765. "Claim preclusion applies where there has been a final judgment on the merits, which acts as a complete bar to a subsequent action *on the same claim* between the same parties or those in privity with them." *Id.* (emphasis in original). The bar

---

**3.** Mickens has also been before the federal courts seeking habeas corpus relief from his burglary conviction. *Mickens v. Duckworth* (N.D.Ind., 1986), 648 F.Supp. 1514, *aff'd*, (7th Cir., 1987), 826 F.2d 1067, *cert. denied*, (1988), 484 U.S. 1018, 108 S.Ct. 727, 98 L.Ed.2d 676.

**4.** Thus, there are really two branches to the decisions following *Langley*. The first is the rule that the State must affirmatively plead waiver to the post-conviction court; like any other party raising any other non-fundamental issue, the State may not raise waiver for the first time on appeal. *See Langley, supra*, at 207, n. 2, 267 N.E.2d at 543, n. 2. *See also, e.g., Hammer v. State* (1989), Ind., 545 N.E.2d 1; *Combs v. State* (1989), Ind., 537 N.E.2d 1177; *Ferrier v. State* (1987), Ind., 514 N.E.2d 285; *Dodson v.*

State (1987), Ind., 502 N.E.2d 1333; *Richardson v. State* (1982), Ind., 439 N.E.2d 610; *Golden v. State* (1990), Ind.App., 553 N.E.2d 1219, *trans. denied.*

The second branch, applicable here, requires the State not only to plead waiver, but if the post-conviction court fails to find waiver, to cross-appeal alleging error in the failure to find waiver. *See, e.g., Wallace v. State* (1990), Ind., 553 N.E.2d 456, *cert. denied* (1991), — U.S. ——, 111 S.Ct. 2250, 114 L.Ed.2d 491; *Young v. State* (1986), Ind., 500 N.E.2d 735; *Harrison v. State* (1975), 166 Ind.App. 602, 337 N.E.2d 533, *trans. denied* (1976), 264 Ind. 708, 344 N.E.2d 293 (DeBruler, J., dissenting from denial of transfer); *Gross v. State* (1974), 162 Ind.App. 649, 320 N.E.2d 817.

prevents the relitigation of all questions which were within the issues of the prior case and which were or could have been litigated. *Id.* at 766; *Biggs v. Marsh* (1983), Ind.App., 446 N.E.2d 977, 981–82.[5] When claim preclusion is applicable

the critical question is whether the present claim was within the issues of the first; whether the claim represents an attempt to split a cause of action (or defense). It has generally been said that the test for making this determination is whether identical evidence will support the issues involved in both actions.

*Id.* at 982 (citations omitted).

In *Gross v. State* (1974), 162 Ind. App. 649, 320 N.E.2d 817, this court held the defense of *res judicata* was subject to the same pleading requirements that *Langley, supra,* and *Johnson, supra,* established for the defense of waiver. Here, in addition to waiver, the prosecutor also pleaded and argued *res judicata,* albeit in less than textbook form. *Record* at 107, 326–28. The post-conviction court, though, found against Mickens on the merits of his jury instruction claim, thereby requiring a cross appeal. As with waiver, however, the Attorney General failed to bring the necessary cross appeal, and we are precluded from deciding the case on *res judicata* grounds.[6] Nonetheless, because the pleading rules of *Langley, Johnson,* and *Gross* have reached an age at which their applicability should be assumed, we include the following discussion to resolve any remaining confusion on the distinction between *res judicata* and waiver.

In ruling on post-conviction petitions, Indiana courts universally draw a distinction between issues that are waived and those that are *res judicata. See, e.g., Hendrix v. State,* Ind., (1990), 557 N.E.2d 1012 (discussing waiver of some of trial coun-

sel's alleged errors and the *res judicata* status of some other alleged trial counsel errors); *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1204–05, *cert. denied* (1989), 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218 (issues available for review on direct appeal, if not pursued, are waived for post-conviction review, and issues previously decided adversely to a petitioner's position are *res judicata* ); *Morlan v. State* (1991), Ind.App., 574 N.E.2d 944 (petitioner had previously raised the issue of trial counsel's ineffectiveness; fact that he was alleging new grounds of ineffectiveness did not alter the fact that question of effective assistance of counsel was foreclosed); *Golden, supra,* note 4, at 1221–22, n. 5 (discussing *res judicata* status of some questions and waiver of others).

Because the claim preclusion branch of *res judicata* bars the relitigation of *both* those issues raised and those which should have been raised in a normal civil action, the distinction may appear somewhat artificial. A post-conviction action, however, is not a normal civil action. Instead, it is a special quasi-civil remedy designed for the presentation of errors unknown or unavailable at the time of trial or direct appeal. *Smith v. State* (1987), Ind., 516 N.E.2d 1055, *cert. denied,* (1988), 488 U.S. 934, 109 S.Ct. 330, 102 L.Ed.2d 347. Therefore, when the distinction is viewed in light of the post-conviction action's hybrid status somewhere between criminal actions and civil actions, the reason for the distinction becomes clear: the concept of waiver, so well embedded in our post-conviction decisions, stems from the contemporaneous objection rule (a failure to raise a timely objection waives any non-fundamental error) and the criminal law concepts that a criminal defendant may waive the right to appeal a conviction, the right to a jury trial,

---

**5.** Issue preclusion, on the other hand, bars the relitigation of a question determined in a prior suit when the question is raised in a subsequent suit on a different cause of action between the same parties or their privies. *Biggs, supra,* at 982.

**6.** In *Williams v. State* (1986), Ind.App., 489 N.E.2d 594, we modified the ruling in *Gross,* holding that if the petitioner is "sufficiently ap-

prised of the State's reliance on [the *res judicata* ] defense," the petitioner may not avoid the effect of *res judicata. Id* at 602. *Williams* is inapplicable, however, because unlike the post-conviction court here, the post-conviction court in *Williams* specifically found for the State on the *res judicata* defense, and a cross appeal was therefore unnecessary.

or other constitutional rights. *See Langley, supra,* at 205–07, 267 N.E.2d at 542.

Thus, issues subject to bar by claim preclusion, as opposed to those subject to bar by waiver, are fewer in number in a post-conviction action than in a normal civil action. Nonetheless, a petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error. *See Morris v. State* (1984), Ind., 466 N.E.2d 13, 14 ("Notwithstanding the fact that petitioner gave several additional examples of his counsel's alleged ineffectiveness during the post-conviction hearing, a consideration of the ineffectiveness issue would constitute review of an issue already decided on direct appeal"); *Harding v. State* (1989), Ind.App., 545 N.E.2d 14, 17, *trans. denied* (issue designated differently than in prior appeal may nonetheless be subject to *res judicata*) (citing *Cambridge v. State* (1984), Ind., 468 N.E.2d 1047, 1049, and *Gross v. State* (1974), 162 Ind.App. 649, 320 N.E.2d 817).

In the present case, it is tempting to find Mickens's claim is barred by *res judicata,*[7] but because of the State's failure to cross appeal,[8] we proceed to the merits of the claim.

## JURY INSTRUCTION

As discussed in note 7, *supra,* the trial court's final habitual offender instruction failed to make clear the "unrelatedness" requirement of the prior felonies used to support Mickens's habitual offender deter-

**7.** Were we able to review the effect of *res judicata,* we would first note that the issue here is one of claim preclusion because Mickens and the State are relitigating a question which has already been ruled on twice, i.e., Mickens's status as an habitual offender. The question, therefore, would become whether the present claim concerning the erroneous jury instruction was within the issues in *Mickens I* or *Mickens II* under the identical evidence test mentioned above.

In *Mickens I,* Mickens challenged the sufficiency and admissibility of the documents used to support the habitual offender determination, arguing the evidence was insufficient to sustain the determination. Our supreme court ruled to the contrary, holding Mickens's claim there was insufficient evidence to support the finding that he "was twice convicted of unrelated felonies" was without merit. *Mickens I* at 594. In *Mickens II,* Mickens challenged the lack of verification of the amended habitual offender charge. The original charge was properly verified, and the supreme court found the amended charge, setting out four prior felonies, was sufficient to apprise Mickens of the charge and its contents. *Mickens II* at 522. The *Mickens II* court initially found the issue waived, but nonetheless reviewed the charging document with an eye toward Mickens's ineffective assistance of counsel claim.

In the present appeal, Mickens challenges the trial court's final instruction to the jury in the habitual offender portion of his trial. The instruction informed the jury the State was required to prove "the defendant has previously been convicted of two former felonies." *Trial Record* at 628–29. Mickens correctly argues the instruction was an incorrect statement of law because it failed to inform the jury the two predicate felonies must be "unrelated," that is, the second felony must have been committed after sentencing on the first felony. *Phillips v. State* (1989), Ind., 541 N.E.2d 925.

The substance of Mickens's complaint, however, is that the instruction allowed the jury to find him an habitual offender on the basis of insufficient evidence, i.e., on the basis of felonies which may not have been unrelated as required by IND.CODE 35–50–2–8(b). This argument could not prevail against a properly maintained *res judicata* defense. The existence of sufficient evidence of Mickens's commission of at least two prior unrelated felonies was conclusively determined in *Mickens I,* and the sufficiency of the charge detailing those unrelated felonies was determined in *Mickens II.* Under the identical evidence test, claim preclusion would bar Mickens from relitigating the question of the sufficiency of the evidence to support the habitual offender determination. *See Parks v. State* (1991), Ind.App., 573 N.E.2d 906, 908 (because legality of one aspect of petitioner's sentence was reviewed on direct appeal, *res judicata* may bar further review) (citing *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1204–05). The challenge to the instruction is a challenge to the sufficiency of the evidence, and the change in designation could not alter the *res judicata* status of the issue. *Harding, supra,* and cases cited therein. *See also Kiger v. State* (1989), Ind., 537 N.E.2d 501 (*res judicata* barred petitioner's attempt to relitigate sufficiency of the evidence decided on direct appeal).

**8.** In essence, the State's failure to cross appeal results in two evils decried by this court and our supreme court. First, because we are compelled to review Mickens's claim as though this were his direct appeal, the post-conviction process in this case has become the "super appeal" Judge Hunter hoped to avoid in *Langley, supra.* Second, we are placed in the judicially uncomfortable and inappropriate position of having to rule on questions already decided.

mination. The error, however, does not necessitate reversal.

■ When reviewing jury instructions, we are to consider them as a whole. *Wells v. State* (1991), Ind.App., 568 N.E.2d 558. When looking at the instructions as a whole and in reference to one another, an error in an instruction will not mandate reversal unless the error makes the entire charge of all the instructions misleading to the jury. *Jennings v. State* (1987), Ind., 514 N.E.2d 836. In its final charge to the jury during the habitual offender portion of Mickens's trial, the court instructed the jury to apply appropriate previous instructions. *Trial Record* at 628. At the beginning of the habitual offender portion, the court correctly instructed the jury on the State's duty to prove Mickens had accumulated two prior unrelated felony convictions. *Trial Record* at 555. Taken together, these instructions satisfy the requirement of *Phillips, supra,* note 7 and IND. CODE 35–50–2–8(b), and lead us to conclude the the post-conviction court properly determined the jury was not misled by the erroneous segment of the final instruction.

■ Had the state properly maintained a *res judicata* defense, Mickens could have avoided the effect of the defense only by showing fundamental error, as defined in the post-conviction context in the line of cases beginning with *Bailey v. State* (1985), Ind., 472 N.E.2d 1260. *See, e.g., Perkins v. State* (1989), Ind., 541 N.E.2d 927; *Haggenjos v. State* (1986), Ind., 493 N.E.2d 448; *Osborne v. State* (1985), Ind., 481 N.E.2d 376; *Tope v. State* (1985), Ind., 477 N.E.2d 873; *Harding, supra.* Under *Bailey* and its progeny, "for purposes of post-conviction relief, fundamental error is one that is blatant and which, if not rectified, would result in the denial of fundamental due process." *Propes v. State* (1990), Ind., 550 N.E.2d 755, 759. No such error can exist here because, as we have already held, the error here does not amount even to reversible error.

■ To be fundamental, an error must first be reversible: there can be no fundamental error without reversible error. *See Propes, supra.* As just discussed, Mickens

has failed to demonstrate reversible error. Accordingly, he cannot demonstrate fundamental error, i.e., an error "that is blatant and which, if not rectified, would result in the denial of fundamental due process," *Id.* at 759, as he would have been necessary to overcome the effect of a proper *res judicata* defense.

As Judge Garrard, writing for the court, aptly stated in a similar case:

> In the area of instructions to the jury in criminal cases it appears that the supreme court has found the error to be fundamental in instances where the trial court has failed to advise the jury of one of the elements of the offense under circumstances such that the jury might well have convicted although a reasonable doubt might exist concerning the omitted element. (If the existence of the omitted element is so well established in the record as to be incapable of rational dispute, the error might be characterized as harmless, but it would perhaps be more accurate to then deem it not fundamental.)

*Stewart v. State* (1991), Ind.App., 567 N.E.2d 171, 174, *trans. denied.* So it is here. The omitted element of "unrelatedness" is so well established that there can be no rational dispute concerning its existence, and any error in the instructions as a whole does not rise to the level of fundamental error.

### CONCLUSION

The error complained of being harmless, the judgment of the post-conviction court is in all things affirmed.

ROBERTSON and BARTEAU, JJ., concur.