**Carl MICKENS, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 70S01–9208–PC–609.

Supreme Court of Indiana.

Aug. 6, 1992.

---

Susan K. Carpenter, Public Defender, Richard Denning, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

When the State argues waiver in a post-conviction proceeding but prevails on other grounds, must it file a cross-appeal in order to preserve its waiver argument when answering petitioner's appeal? For nearly two decades the answer has been yes. *See Johnson v. State* (1974), 262 Ind. 183, 313 N.E.2d 542. Our 1990 amendments to Indiana Trial Rule 59(G), however, have superseded *Johnson.* The State can now argue waiver in its appellee's brief without first filing a cross-appeal, so long as it affirmatively presented waiver in the post-conviction court.

Petitioner-appellant Carl Mickens was convicted in 1981 of burglary and of being an habitual offender. We affirmed. *Mickens v. State* (1982), Ind., 439 N.E.2d 591 (*Mickens I*). In 1983, Mickens filed a petition for post-conviction relief, alleging that the amended habitual offender charge, which detailed four prior felony convictions, was improperly verified and that his trial counsel was ineffective for failing to object to the improper verification. We affirmed the post-conviction court's denial of relief. *Mickens v. State* (1985), Ind., 479 N.E.2d 520. (*Mickens II*).

In 1988, Mickens filed a second petition for post-conviction relief, alleging several trial court errors, including the giving of a final instruction to the jury in the habitual offender stage of the trial—an instruction to which his trial counsel did not object. At the post-conviction hearing, the State did not argue that Mickens waived the jury instruction issue by failing to object during the trial. The State did argue, however, that Mickens waived the issue by virtue of his failure to raise it on direct appeal or in his first post-conviction petition.

The post-conviction court denied the petition, specifically determining the habitual offender instructions were proper when taken as a whole and that the other issues were waived or had been previously adjudicated. Mickens appealed, challenging only that portion of the post-conviction court's decision concerning the habitual offender instruction. The Court of Appeals affirmed. *Mickens v. State* (1991), Ind.App., 579 N.E.2d 615. (*Mickens III*). Mickens seeks transfer.

■ In affirming the post-conviction court, the Court of Appeals addressed Mickens' challenge to the jury instruction on the merits, and held that the post-conviction court properly denied the petition. *Id.* at 620. We find no fault with the court's analysis of the merits of Mickens' claim. Before reaching the merits, however, the Court of Appeals held that it could not consider the State's claim of waiver:

> [N]ot only must the State plead waiver, but if the post-conviction court does not find waiver, the court on appeal cannot base its decision on waiver unless the State also files a cross-appeal challenging the post-conviction court's failure to find waiver. *Johnson v. State* (1974), 262 Ind. 183, 185–86, 313 N.E.2d 542, 544. Here, the local prosecutor pleaded and argued waiver throughout the course of the proceedings before the post-conviction court. The court did not find waiver, however, and the Attorney General's failure to file a cross-appeal therefore precludes us from examining the question of waiver.

*Mickens III,* 579 N.E.2d at 617. The Court of Appeals correctly interpreted and applied *Johnson,* but failed to take cognizance of Indiana Trial Rule 59(G), amended in 1990 to say, in part, that an "opposing party may raise any grounds as cross-errors and *also may raise any reasons to affirm the judgment directly in the appellate brief.*" (Emphasis added). This rule supersedes *Johnson* and subsequent cases such as *Young v. State* (1986), Ind., 500 N.E.2d 735, which held that the State's waiver argument would not be considered by an appellate court in situations such as these unless a cross-appeal had been filed.

■ The seminal case in the law of waiver and post-conviction relief, *Langley v. State* (1971), 256 Ind. 199, 267 N.E.2d 538, cited by the Court of Appeals in *Mickens III,* remains good law. Waiver is an affirmative defense to a petition for post-conviction relief. The State therefore must present a waiver claim before a court can find waiver. When a post-conviction court does not find waiver and denies the petition on other grounds, if the petitioner appeals the State can argue waiver in its appellee's brief without filing a cross-appeal on the issue. T.R. 59(G).

We therefore grant transfer and vacate that portion of the Court of Appeals opinion pertaining to waiver and the State's failure to cross-appeal. The decision of the Court of Appeals is in all other respects affirmed. Indiana Appellate Rule 11(B)(3).

GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion in which KRAHULIK, J., concurs.

DeBRULER, Justice, dissenting.

In *Johnson v. State* (1974), 262 Ind. 183, 313 N.E.2d 542, the prosecutor filed an answer to Johnson's post-conviction petition, alleging that the asserted post-conviction claims had been waived. A post-conviction hearing followed, and the trial court, ignoring the waiver ground, adjudged Johnson's claims to be without substantive merit. This Court, having observed this state of the record, said:

The State in its answer brief on appeal makes persuasive arguments that each of the grounds for relief, relied upon by appellant in the trial proceedings has been waived. [citations omitted] But here, the trial judge, in his findings and conclusions, ignored the issues and evidence of waiver proffered by the State, and instead found that the appellant had failed in his burden of proof. Since the trial judge did not find a waiver to have occurred, and further since the State did not file cross-errors on appeal alleging that the trial court erred in failing to make special findings and conclusions on the issue of waiver, we cannot base our decision here upon waiver principle. *Langley v. State,* [ (1971), 256 Ind. 199, 267 N.E.2d 538].

*Johnson,* 262 Ind. at 185–86, 313 N.E.2d at 544. The later amendment to TR 59(G) declaring that "the opposing party may raise any grounds as cross-errors and also may raise any reasons to affirm the judgment directly in the appellate brief" does not supersede this holding. It does instead merely permit the appellee to raise the cross-claim that the trial court erred in failing to make special findings and conclusions on the issue of waiver.

Two bases support this Court's resolve not to render a decision upon waiver principle in cases such as this, namely 1) the omission of findings and conclusions by the trial court on the issue of waiver, and 2) the failure of the appellee to properly present such trial court omission in cross-errors. The lack of findings and conclusions by the trial court on the ground of waiver stands as an independent, sufficient, and proper basis for the appellate court to refuse to make a decision "upon waiver principle," i.e., be the first court to declare a right waived.

Where an appellee does now persuasively argue to the court on appeal in its brief that the trial court erred in failing to make findings and conclusions on an issue raised and litigated at trial, the appropriate remedy is a remand to the trial court to amend the findings and judgment, so that any material issues of fact may be resolved. The remedy is not, and should not be an

initial appellate declaration that the issue is resolved for or against the party having the burden of proof. Here, the trial court committed error when failing to instruct the jury at the habitual offender phase of Mickens's initial trial regarding the proper statutory sequence of prior felony convictions. *Phillips v. State* (1989), Ind., 541 N.E.2d 925. There was no objection to the instructions, and the invalidity of such instructions was not raised in the direct appeal or the first post-conviction proceeding. Accordingly, I would remand this case to the trial court with instructions to amend the findings and conclusions to include the issue of waiver, or in the alternative to grant post-conviction relief in the form of a new sentencing hearing.

KRAHULIK, J., concurs.