**Jay R. THOMPSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 31S00–8902–PC–167.**

Supreme Court of Indiana.

April 11, 1990.

Timothy R. Dodd, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Sometime during the first week of March of 1982, appellant and one Richard Dillon burglarized the home of William and Mary Hilborn in Petersburg, Indiana. During the burglary, Mr. and Mrs. Hilborn were killed. Testimony at trial indicated that both died of wounds inflicted by a knife wielded by appellant. As a result of his conviction for the two murders, appellant initially received the death penalty. However, in his appeal from that conviction, *Thompson v. State* (1986), Ind., 492 N.E.2d 264, this Court affirmed appellant's convictions but ordered the death sentence set aside and remanded the case for resentencing.

Following the resentencing hearing, the trial judge imposed an enhanced sentence of sixty (60) years for the murder of Mary Hilborn and an enhanced sentence of sixty (60) years for the murder of William Hilborn, the sentences to be served consecutively. He also was sentenced for conspiracy to commit burglary of a dwelling resulting in bodily injury, a Class A felony, for which he was sentenced to thirty (30) years to run concurrently with the other two sentences.

Appellant incorporates the record and his prior brief in this appeal and asks this Court to readjudicate all issues raised therein. We have examined our previous opinion above cited and find that it thoroughly disposes of each issue raised by appellant at that time and which he now seeks to have readjudicated. The issues decided there have become the law of the case and are *res judicata. Cha v. Warnick* (1985), Ind., 476 N.E.2d 109, *cert. denied,* 474 U.S. 920, 106 S.Ct. 249, 88 L.Ed.2d 257. *See also Avery v. State* (1988), Ind., 531 N.E.2d 1168; *Gillie v. State* (1987), Ind., 512 N.E.2d 145; *Galloway v. State* (1985), Ind.App., 485 N.E.2d 637. This Court will not rehash the matters decided in appellant's previous appeal.

Appellant claims his sentence is unconstitutionally disproportionate to the sen-

tence his confederate received. Although it is not apparent from this record, appellant alleges that his confederate, Richard Dillon, received a sentence of sixty (60) years. The record does indicate, as stated in the previous opinion, that "Dillon at first denied any complicity in these crimes but later testified for the State and implicated Thompson in the two murders." *Thompson, supra* at 267.

In imposing the sentence totalling one hundred twenty (120) years, the sentencing judge stated as aggravating factors that the victims were aged, virtually unknown to appellant, and that they were murdered in an unnecessary and brutal manner. Sentencing is within the discretion of the trial court, and a sentence which is authorized by statute will not be revised on appeal unless it is manifestly unreasonable. *Moore v. State* (1987), Ind., 515 N.E.2d 1099.

The fact that Richard Dillon, in a separate proceeding, received a lesser sentence for the same crime is not sufficient in and of itself to invalidate appellant's sentence. *See Young v. State* (1985), Ind., 482 N.E.2d 246. We also have held it is not unconstitutionally disproportionate to sentence a "trigger man" to a greater sentence than that of his accomplice. *See Brewer v. State* (1981), 275 Ind. 338, 417 N.E.2d 889, *cert. denied* 458 U.S. 1122, 102 S.Ct. 3510, 73 L.Ed.2d 1384, *reh'g. denied,* 458 U.S. 1132, 103 S.Ct. 18, 73 L.Ed.2d 1403.

From the facts presented in this case, the sentencing judge was well within the evidence to find that, although Dillon wounded both victims, appellant in fact was the one who inflicted the fatal blows. We see nothing in this record to lead us to believe that the trial judge exceeded his statutory authority or that the sentence rendered was disproportionate to the sentence appellant claims Richard Dillon received.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.