**James GARRISON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A02–9006–CR–380.

Court of Appeals of Indiana, Second District.

Aug. 6, 1991.

---

Robert C. Perry, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Julie L. Ezell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

James Garrison appeals his convictions of child molesting as a class C felony,[1] child molesting as a class D felony,[2] and criminal

confinement, a class D felony.[3]

We affirm.

## ISSUES

1. Whether the trial court abused its discretion in granting the State leave to file a late response to Garrison's notice of alibi and to amend three counts of the information one week before trial.

2. Whether the trial court abused its discretion in enhancing Garrison's sentences.

## FACTS

On October 13, 1989 Garrison filed a notice of alibi and on October 20, 1989 he filed an Ind. Criminal Rule 4(B)(1) motion for early trial. Garrison's jury trial was set for December 20, 1989. On December 7, 1989 the State responded to Garrison's notice of alibi and requested leave to amend Counts III, IV and V of the information. On December 13, 1989 Garrison objected to the State's response because it was not timely filed. At a hearing on Garrison's objection, held the same day, the trial court granted the State leave to file the belated response and granted the State's request to amend Counts III, IV and V[4] of the information to change the date of the alleged offenses from January 1, 1989 to January 2, 1989. Garrison's request for a continuance was granted and the trial was continued to January 16, 1990—a date outside the 70 day period required under Crim.R. 4(B)(1). On January 11, 1990 Garrison pled guilty to Count I charging child molesting as a class D felony. The trial on the remaining counts commenced on January 17, 1990. The jury found Garrison guilty of child molesting as a class C felony (Count II) and criminal confinement, a class D felony (Count VI). Garrison was sentenced to eight years on the class C child molesting conviction to run consecutive to concurrent sentences of two years on the class D child molesting conviction and two years for criminal con-

finement, for a total of ten years. He appeals.

## DISCUSSION

### I.

Garrison argues the trial court abused its discretion in granting the State leave to file a belated response to Garrison's notice of alibi and leave to amend Counts III, IV and V of the information one week before trial and eight weeks after Garrison filed his notice of alibi. Garrison claims the action prejudiced him because it effectively deprived him of the speedy trial he had previously requested, i.e., he had to chose between a speedy trial with unprepared counsel or a delayed trial with prepared counsel.

The State need not respond to a notice of alibi if it intends to present evidence consistent with the date and place listed in the information as the date and place of the crime. If a response is necessary, however, it must be filed within seven days of the filing of the notice of alibi. IC 35–36–4–2 (1988). However, "[i]f either the defendant or the prosecuting attorney fails to file or serve statements in accordance with [IC 35–36–4–2], the judge *may* extend the time for filing." IC 35–36–4–3(a) (emphasis added). We deem the legislative choice of the word *may* significant because of the legislative choice to use the phrase *good cause* in a subsequent subsection of the same statute. IC 35–36–4–3(b) provides that if the defendant has failed to file and serve a notice of alibi as required by IC 35–36–4–1 the trial court shall exclude alibi evidence unless the defendant shows *good cause* for his failure. The differing standards of *may* and *good cause* in the same statute lead this court to conclude our review of a trial court ruling on an extension request is the most deferential of the abuse of discretion standards. Thus, this court will interfere with the trial court's ruling only if it is undisputably against the logic and effect of the facts or the reasonable,

---

3. IC 35–42–3–3 (1988).

4. The jury was unable to reach a verdict on these counts. The state eventually dismissed them.

probable deductions drawn therefrom and, further, the opposing party is prejudiced.

■ In its response to Garrison's notice of alibi the deputy prosecutor asserted: for reasons unknown to him the "State" did not see the notice of alibi until approximately three weeks prior to December 7, 1989; when the notice of alibi was discovered the "State" determined a response was not necessary; the "State" first became aware an incorrect date for the offenses charged in Counts III, IV and V may have been alleged while preparing for trial on November 6, 1989; the "State" was in the process of determining whether a change in the date was necessary and if it was, the correct date would be January 2, 1989; and asserted the response was filed in sufficient time to allow Garrison to adequately prepare for trial.

Following a hearing on the State's motion, the trial court concluded the State was not acting in bad faith and had shown "good cause." This finding of no bad faith is supported by the trial court record. In fact, at the hearing held on the issue, Garrison's attorney acknowledged he was not alleging "sharp practice or—or any wrongdoing on the Prosecutor's Office. I'm just saying [the response] was untimely filed, and that they didn't show good cause." Record at 467. Given our deferential standard of review we conclude the trial court did not abuse its discretion in granting the State leave to file its belated response, even considering the quandry Garrison faced, based upon the trial court's finding of good faith and the minimal delay in Garrison's trial.

■ Similarly, the trial court did not abuse its discretion in granting the State leave to amend Counts III, IV and V of the information. Because the effect of a response which changes the date effectively amends the date alleged in the charging document, a change of date in the information is permissible when the alibi statute is invoked by the accused. *Webster v. State* (1981), Ind., 426 N.E.2d 1295.

II.

■ Garrison argues the trial court erred in ordering an enhanced and consecutive sentence for his class C molesting conviction. Sentencing is within the discretion of the trial court and a sentence which is authorized by statute will not be revised on appeal unless it is manifestly unreasonable. *Thompson v. State* (1990), Ind., 552 N.E.2d 472.

Garrison argues the trial court erred in failing to consider mitigating circumstances. Citing *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, Garrison argues the trial court's failure to find mitigating circumstances which are clearly supported by the record gives rise to the conclusion the trial court did not consider existing mitigating circumstances.

*Hammons* does express that concern. However, the *Hammons* court also observed the use of mitigating circumstances is discretionary with the sentencing court; i.e., the use of mitigating circumstances in determining the appropriate sentence is not mandatory. The court continued:

> When a defendant argues mitigating circumstances to the trial court, the sentencing judge is not obligated to make a finding of mitigation.... Moreover, the trial court is not obligated to credit or weigh the defendant's evidence of mitigating circumstances the same way as the defendant does.

*Hammons*, 493 N.E.2d at 1254–1255 (citations omitted). Thus, the sole concern addressed in *Hammons* is that a trial court might inadvertently overlook mitigating factors which are clearly supported by the record and not that the trial court would determine certain factors are not mitigating in the particular case or, alternatively, that the record does not support the existence of the alleged mitigating factors.

■ In the instant case, the sentencing court specifically noted Garrison was in the military and received an honorable discharge, that he had been employed for a number of years, and that he did not have a criminal record. However, the court refused to consider these factors or Garrison's claim of hardship on his wife by his

incarceration as mitigating circumstances. In so doing, the trial court was exercising its discretion appropriately. The finding of mitigating circumstances is not mandatory and rests within the discretion of the trial court. *Henley v. State* (1988), Ind., 522 N.E.2d 376.

■ Garrison argues the trial court's consideration of certain aggravating factors was error. The trial judge stated:

[I]f ever a case had aggravating circumstances in it, this one does for the reason that [Garrison] had a long history of molesting [his] child. I can't conclude that—that [he] wouldn't go back to this activity again if given the chance. Not sending [Garrison] to prison, I think would be a total aberration of my responsibility as a judge and of my oath. I don't see any remorse from [Garrison]. I don't know what compelled [Garrison] to do what [he] did. This is not something that was just an isolated act. It happened over a long period of time. In other words, what you did, you killed your daughter's youth over several years time, strangled it, just plain strangled it. I find all the the [sic] aggravating circumstances and no mitigating circum— circumstances.

Record at 1016–1017.

Garrison argues the trial court's use of his alleged lack of remorse and his history of child molesting as aggravating factors is error. This argument is without merit. Garrison did not have a history of molestation convictions; however, he admitted he molested his daughters over a period of years. Further, in context, it is apparent the trial court is attributing Garrison with a lack of remorse based upon Garrison's history of molesting his daughters over a period of years, i.e., if Garrison had ever felt guilty over his conduct with his daughters he would have discontinued it and he did not and, therefore, he is not remorseful. The record supports the trial court's finding of continued conduct; further, as used by this court in this case, lack of remorse is an appropriate enhancing factor.

The trial court did not abuse its discretion in its sentencing judgment.

Judgment affirmed.

BUCHANAN and SULLIVAN, JJ., concur.