**Robert A. ROAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 89A01–9206–CR–180.**

Court of Appeals of Indiana,
First District.

Sept. 21, 1992.

---

David Puterbaugh, Centerville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Robert A. Roan appeals his conviction of operating a vehicle while intoxicated resulting in death, a class C felony. Roan challenges only his eight-year sentence, alleging that the sentencing court erred in failing to identify and consider certain mitigating circumstances.

We affirm.

The sentencing court specifically rejected Roan's argument at sentencing that by purchasing drinks for Roan and the other woman in the party, Roan's passenger, who was killed when Roan drove into a guardrail, facilitated Roan's crime. The judge expressly stated in his written explanation for the sentence imposed that he reviewed the circumstances enumerated in IND. CODE 35–38–1–7.1 and did not find any of those circumstances to be present. The court's statement is born out by the transcript of Roan's sentencing; the court indicated at sentencing that he went to the mitigating circumstances listed in the statute first to see what he could find because the aggravating circumstances apparent in the presentence investigation report jumped out at him. The record thus does not support Roan's assertion that the court failed to identify the decedent's possible involvement in Roan's intoxication as a potentially mitigating circumstance.

It is clear from the sentencing statement however that the court did not consider the fact that the decedent bought drinks for Roan to be a mitigating circumstance. Indiana Code 35–38–1–7.1 does not require the court to consider the fact that the decedent facilitated the offense to be a mitigating circumstance; it permits the court to consider facilitation as a mitigator. Thus, the issue is simply whether the court abused its discretion in not so finding. A finding of mitigating circumstances is not mandatory and rests within the sound discretion of the sentencing court. *Gilley v. State* (1989), Ind., 535 N.E.2d 130, 133.

All three of the persons in Roan's party were extremely intoxicated, yet Roan decided to drive. In fact, almost two hours earlier, after he had been drinking for a period of three hours, Roan drove the other person in the party home to check on her baby-sitter and returned to the restaurant where he and his friends continued to drink. Roan went out to warm up the car in order to keep it running before getting into the car to drive himself and his friends home. The decedent passed out in the car before the collision occurred. As the State points out, the crime is not intoxication, but driving while intoxicated. Roan's behavior prior to the charged crime suggests that Roan made that decision consciously and perhaps with greater knowledge about his

own inability to drive than his companion had. The fact that she aided him in becoming intoxicated therefore does not necessarily mean that she induced or facilitated the crime itself. Indeed, Roan's earlier alcohol related driving offense suggests that he is capable of committing the offense without inducement or facilitation. We conclude that the trial court did not abuse its discretion by failing to find the purchase of drinks by the decedent to be a mitigating circumstance.

 Roan also contends that the sentencing court wrongly determined that his character and attitude were such as to indicate that he is likely to commit another offense. Roan's assertion is based upon the evidence of reform he offered since the death-causing collision, but as the sentencing judge indicated, Roan's significant criminal history, including a driving while intoxicated conviction in 1987, two years before the offense for which Roan was being sentenced, supports an inference to the contrary, namely, that Roan has "a propensity" to commit criminal offenses which has not been deterred by the sentences imposed in the past. The sentencing judge could properly so find.

Judgment affirmed.

RATLIFF and CHEZEM, JJ., concur.