993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harold H.A. NETTLES, Petitioner-Appellant,
v.
Richard CLARK, Superintendent, and Indiana Attorney General,
Respondents-Appellees.
 No. 92-1733.
United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
Decided May 13, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Harold Nettles on two counts of murder, and the judge sentenced him to consecutive sixty-year terms. Nettles now petitions for a writ of habeas corpus under 28 U.S.C. § 2254, raising a number of claims. Finding no merit in any of them, we affirm.
 
 
 2
 Nettles first complains that the prosecution failed to hand over exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). He maintains that the police destroyed hair and blood samples in the process of performing scientific tests on them, and that they deprived him of access to other blood samples by not refrigerating them, so that when his expert tried to examine the samples they were no longer useful. In cases involving allegations that the government has failed to preserve evidentiary material that the defendant might have subjected to scientific tests, the Supreme Court has held that the defendant must show bad faith on the part of the police. Arizona v. Youngblood, 488 U.S. 51, 58 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."); Jones v. McCaughtrey, 965 F.2d 473, 477 (7th Cir.1992).
 
 
 3
 The trial court found that the government had not deliberately or intentionally concealed any evidence, Tr. 546, and on direct appeal the Indiana Supreme Court found no proof of bad faith. Nettles v. State, 565 N.E.2d 1064, 1067 (Ind.1991). Such findings of fact are presumed correct under 28 U.S.C. § 2254(d), and are supported by the record, which may reveal negligence by the police but does not demonstrate bad faith. The police turned over the results of all of their tests and attempted to make physical evidence available, but were not able to coordinate a time for the petitioner to examine it until it was too late. That is unfortunate, but it is not a deprivation of due process.
 
 
 4
 Nettles also raises Fourth Amendment claims, contending that neither his arrest nor a search warrant that led to key evidence was supported by probable cause. Because he had a full and fair opportunity to litigate these claims in state court, he may not raise them in a § 2254 proceeding. Stone v. Powell, 428 U.S. 465 (1976).
 
 
 5
 Next Nettles points to Batson v. Kentucky, 476 U.S. 79 (1986), maintaining that the prosecutor was motivated by racial bias in excluding the last black person from the venire. The prosecutor explained this decision by putting police officer Norman Irelan on the stand. Irelan, who was assisting the prosecutor in selecting the jury, testified that he recommended excusing the black venire member because that man had been a witness in a prior case Irelan had helped to investigate, and he felt that the man had not been credible or trustworthy because he had changed his story on the stand. This race-neutral explanation precludes any finding of a Batson violation. Id. at 97-98.
 
 
 6
 At trial, Nettles claims, the judge made certain evidentiary rulings that rendered the proceeding fundamentally unfair, depriving him of due process. Any claim regarding the first of these rulings--admission of a video tape of the crime scene--has been procedurally defaulted in the state court. See Nettles, 565 N.E.2d at 1068. Nettles has not pointed to any ground for excusing this default. The second ruling--allowing a doctor to testify regarding the destroyed evidence--cannot be challenged because we have already determined that the evidence was not destroyed in bad faith, and Nettles does not name any other reason for excluding the testimony, which was subjected to cross-examination.
 
 
 7
 Invoking the due process clause again, petitioner challenges the trial court's refusal of certain jury instructions he requested. As the Indiana Supreme Court properly found, it was not error to omit these instructions; the points Nettles wished to make were already made in other instructions, and the remainder of his instructions misstated the law. See Nettles, 465 N.E.2d at 1069. Consequently, the denial of the proposed instructions did not render the trial fundamentally unfair. United States ex rel. Lee v. Flannigan, 884 F.2d 945, 953 (7th Cir.1989).
 
 
 8
 Nettles also assumes the daunting task of challenging the sufficiency of the evidence. The Indiana Supreme Court's opinion details the ample circumstantial and scientific evidence linking Nettles to the victims and the crime, and we cannot conclude that no reasonable jury would have convicted. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 9
 Last, petitioner argues that his sentence violates the Eighth Amendment by being disproportionate to his crime. Because his consecutive sixty-year sentences for murder are not facially disproportionate or grossly excessive when compared to sentences imposed for similar crimes, this argument fails. See Solem v. Helm, 463 U.S. 277 (1983); Harmelin v. Michigan, 111 S.Ct. 2680, 2707 (Kennedy, J., concurring); cf. Thompson v. State, 552 N.E.2d 472 (Ind.1990) (consecutive sixty-year terms for double murder).
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record