**STATE of Indiana, Appellant–Respondent,**

v.

**Jesse LOPEZ, Appellee–Petitioner.**

**No. 64A04–9512–PC–505.**

Court of Appeals of Indiana.

Jan. 28, 1997.

Transfer Denied April 3, 1997.

Pamela Carter, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellant.

Alan K. Mills, Barnes & Thornburg, Indianapolis, for Appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Respondent–Appellant, the State of Indiana ("the State"), appeals from the grant of Petitioner–Appellee's, Jesse Lopez's ("Lopez"), petition for postconviction relief. We reverse in part and affirm in part.

### Issues

The State raises one issue for our review, which we restate as:

I. Whether the decision of the postconviction court with regard to Lopez's sentence is barred by principles of *res judicata*.

Lopez raises two issues on cross appeal, which we restate as:

II. Whether the State withheld evidence from Lopez and, if so, whether there was a reasonable probability that the outcome of Lopez's trial would have been different by virtue of that withholding of evidence; and,

III. Whether Lopez received effective assistance of trial and appellate counsel.

*Facts and Procedural History*

The postconviction court vacated a portion of Lopez's sentence. Lopez was sentenced to a term of forty years for aiding the delivery of cocaine and to a term of four years for dealing in a sawed-off shotgun. Because it found three aggravating circumstances and no mitigating circumstances, the trial court added ten years to the presumptive sentence for dealing in cocaine and added two years to the presumptive sentence for dealing in a sawed-off shotgun. On September 6, 1988, our supreme court affirmed Lopez's conviction and sentence. *Lopez v. State,* 527 N.E.2d 1119 (Ind.1988).

On August 29, 1995, the postconviction court granted Lopez's petition for postconviction relief with regard to his sentence. In so doing, the postconviction court found that there were mitigating circumstances which canceled out the aggravating circumstances found by the trial court. In all other respects, the postconviction court denied Lopez's petition for post-conviction relief. Because the trial court on sentencing did not factor in mitigating circumstances, the postconviction court reduced Lopez's sentence from 40 years to 30 years on the conviction for dealing in cocaine. The State appeals [1] the reduction in Lopez's sentence and Lopez appeals the denial of his petition for postconviction relief on two other issues.

*Discussion and Decision*

I

 We look first to the issue of whether the decision of the postconviction court with regard to Lopez's sentence is barred by principles of *res judicata.* The standard of review of a judgment granting postconviction relief is governed by Indiana Trial Rule 52(A). *State v. Van Cleave,* 674 N.E.2d 1293 (Ind.1996); *Spranger v. State,* 650 N.E.2d

1117 (Ind.1995). "We reverse only upon a showing of 'clear error'—that which leaves us with a definite and firm conviction that a mistake has been made." *Spranger,* 650 N.E.2d at 1119. Our supreme court characterized the nature of our review:

> In reviewing a finding of ineffective assistance, we substantially defer under the "clear error" standard to the trial court's findings of fact but not to its conclusions of law. A "clearly erroneous" judgment can result from application of the wrong legal standard to properly-found facts, and in that situation we do not defer to the trial court. We are not bound by the trial court's characterization of its results as "findings of fact" or "conclusions of law." Rather, we look past these labels to the substance of the judgment and will review a legal conclusion as such even if the judgment wrongly classifies it as a finding of fact.

*State v. Van Cleave,* at 1296. The same standard of review applies in this case. Clear error exists because the postconviction court ignored the rule of *res judicata. Res judicata* operates to bar further litigation where a final judgment on the merits has been rendered on the same claim between the same parties. Lopez argued in his direct appeal that his sentence was manifestly unreasonable because the trial judge did not factor in any mitigating circumstances. The post-conviction process is not a substitute for a direct appeal, but is a process for raising issues not known at the time of the original trial or for some reason not available to the defendant for direct appeal. *Wallace v. State,* 553 N.E.2d 456 (Ind.1990), *cert. denied,* 500 U.S. 948, 111 S.Ct. 2250, 114 L.Ed.2d 491 (1991), *denial of PCR aff'd,* 640 N.E.2d 374 (Ind.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1972, 131 L.Ed.2d 861 (1995).

 Lopez argues that the State is prohibited from asserting the affirmative defense of *res judicata* in this appeal because it did not assert the defense as required in its respon-

1. In preparing their briefs, practitioners are to follow the rules set out in the current Uniform System of Citation (Bluebook). Ind.Appellate Rule 8.2(B). Practitioner's Note 2 of the Bluebook provides: "Citations in court documents and legal memoranda may be made in either of two ways: in citation sentences or in citation clauses...." Note 2 also states that these citations to authority are to "immediately follow the

proposition they support (or contradict)." The example within Practitioner's Note 2 is illustrative. Citations should continue to appear in the text or body of appellate briefs. The only exception arises when supplemental information appears in a footnote. Then, a citation to authority for that supplemental information is appropriately included in that same footnote.

sive pleading or at the postconviction hearing. However, in its response to Lopez's claim of a manifestly unreasonable sentence in his petition for postconviction relief, the State pleaded: "That the sentencing of Petitioner was upheld by the Supreme Court in *Lopez v. State*." (P.C.Rec. 43). This language was specific enough to alert the court and Lopez under the notice pleading requirement that the State was asserting the affirmative defense of *res judicata.*

■ Even if the State had not pleaded the affirmative defense of *res judicata* at all, we would reverse the postconviction court's reduction of Lopez's sentence. Our supreme court held in *Schiro v. State*, 533 N.E.2d 1201, 1204–5 (Ind.1989), *cert. denied*, 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218 (1989), that "[a]n issue which is raised and determined adverse to petitioner's position is *res judicata.*" In so holding, the Supreme Court noted:

> The entire record of the trial and the original PCR petition were put into evidence in the instant cause. The trial court had the ability to read the opinion and compare issues, and the power to dismiss these issues disposed of in this court's prior proceedings. The trial court properly found all four issues were so disposed and there was not error in dismissing them as *res judicata.*

*Id.* at 1205.

In *Mickens v. State*, 596 N.E.2d 1379 (Ind. 1992), the Indiana Supreme Court dealt with the issue of how the State may appeal affirmative defenses when the petition for postconviction relief has been denied. In *Mickens*, postconviction relief was denied and the petitioner appealed. The State failed to file a cross-appeal asserting the affirmative defense of waiver, though it argued waiver to the postconviction court. It was held that when postconviction relief has been denied, the State need no longer file a cross-appeal of the affirmative defenses it argued to the postconviction court. Rather, the State may argue those affirmative defenses in its appellee brief. The holding in *Mickens*, though instructional, does not answer the question of whether the State may assert affirmative defenses in its appeal of a grant of a petition for postconviction relief when the State did

not assert those defenses with the postconviction court.

The issue is whether the doctrine of waiver may be asserted on appeal by a petitioner who was granted postconviction relief, thereby circumventing the doctrine of *res judicata.* In essence, when the State can plead *res judicata* on an issue but fails to sufficiently do so, is a postconviction court afforded the latitude of overruling the prior holding of our supreme court on the issue? We faced this issue once before in *Clark v. State*, 648 N.E.2d 1187 (Ind.Ct.App.1995), *trans. denied.* In that case, unlike Lopez's, the State failed altogether to file an answer to the petitioner's petition for postconviction relief. Nonetheless, postconviction relief was denied and petitioner appealed, arguing that the State was barred from asserting the affirmative defenses of waiver and *res judicata* in its appellee brief. We held:

> However, by distilling the concept of *res judicata* to its essence, it is clear that review of actions finally determined is barred. This is especially true when the Court of Appeals is asked to re-review questions finally determined by our supreme court. Our supreme court in *Mickens*, 596 N.E.2d at 1381, determined that the State may persist in alleging waiver and presumably *res judicata* even if the post-conviction court does not base its decision on those concepts. The State's failure to somehow preserve the issues cannot allow this Court to engage in the legal fiction that the issues have not been previously determined.

*Id.* at 1190.

We agree that "at some point, whether specifically pleaded by the State or not, a postconviction petitioner is not entitled to further review of questions finally determined." *Id.* at 1191. It is for this reason that we reverse the grant of Lopez's petition for postconviction relief with regard to his sentence.

■ Nonetheless, we hold that Lopez's sentence of 40 years is not manifestly unreasonable. A sentence is manifestly unreasonable only if no reasonable person could find the sentence appropriate to the particular offense and offender. *Collins v. State*, 643

N.E.2d 375, 382 (Ind.Ct.App.1994), *trans. denied.* The duration of a defendant's sentence is within the sound discretion of the trial court. *Garrison v. State,* 575 N.E.2d 700, 703 (Ind.Ct.App.1991), *trans. denied.* Where the sentence imposed is within the statutorily mandated term, this court will reverse the sentence only if it is manifestly unreasonable. *Jarrett v. State,* 580 N.E.2d 245, 253 (Ind.Ct. App.1991), *trans. denied.* The trial court's discretion in sentencing is regulated by Ind. Code § 35–38–1–7.1. The trial judge must consider certain factors in mitigation or aggravation, and may consider others. *Id.* In determining what sentence to impose, a trial court should identify all significant aggravating and mitigating circumstances, explain why each circumstance is aggravating or mitigating, and weigh the mitigating circumstances against the aggravating ones. *Jones v. State,* 600 N.E.2d 544, 548 (Ind.1992). The trial court adequately complied with those requirements. The finding of mitigating circumstances is not mandatory, but rests within the trial court's discretion. *Wall v. State,* 573 N.E.2d 890 (Ind.1991). The trial court is not obligated to explain why it has chosen not to make a finding of mitigation. *Gaddie v. State,* 566 N.E.2d 535, 538 (Ind.1991). Additionally, a trial court is not required to consider post-incident reform to be a mitigating circumstance. *Roan v. State,* 599 N.E.2d 230, 232 (Ind.Ct.App.1992). Lopez's sentence was not manifestly unreasonable. We cannot say that no reasonable person could find such a sentence appropriate to the offense and the offender. His sentence was reasonable in light of the offense.

## II

We turn now to Lopez's cross-appeal and examine whether the State withheld evidence from Lopez and, if so, whether there was a reasonable probability that the outcome of Lopez's trial would have been different by virtue of that withholding of evidence. Lopez, as Petitioner at the post-conviction hearing, had the burden of proving he was entitled to relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1, § 5; *Smith v. State,* 611 N.E.2d 144, 146, (Ind.Ct. App.1993), *trans. denied.* On appeal, we will not set aside the denial of a post-conviction petition unless the evidence is without conflict and leads unerringly to a result different from that reached by the post-conviction court. *Propes v. State,* 550 N.E.2d 755 (Ind. 1990), *appeal after remand,* 587 N.E.2d 1291 (Ind.1992), *cert. denied,* 505 U.S. 1226, 112 S.Ct. 3046, 120 L.Ed.2d 913 (1992).

Under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the State must disclose evidence favorable to the defendant where the evidence is material to the guilt or punishment of the defendant. Evidence is "material" only if there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *U.S. v. Bagley,* 473 U.S. 667, 685, 105 S.Ct. 3375, 3385, 87 L.Ed.2d 481 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Thus, to prevail on a *Brady* claim, a defendant must first establish the existence of suppressed evidence favorable to the defendant and then must establish by a preponderance of the evidence that the suppressed evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. *Kyles v. Whitley,* 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Lopez fails on both accounts.

First, Lopez did not establish that the existence of suppressed evidence favorable to him. He claims that the prosecution had evidence that someone other than Lopez possessed shotgun shells at the time of the arrest. Lopez asserts that the shotgun shells were relied upon by the jury to connect him to the crime. He presented evidence in the form of the testimony of the former prosecutor, Nancy Vaidik ("Vaidik"). Vaidik, based on ten-year-old recollections, called into doubt to whom the shotgun shell could be attributed. Her recollections consisted of hearsay statements about the various officers' statements regarding the shotgun shells. The officers did not testify at the postconviction hearing. At trial, one officer attributed the shotgun shell to Lopez. Lopez failed to demonstrate what evidence the other officers would have provided at trial and why such evidence would be material to the outcome of the case.

Second, the postconviction court properly found that even assuming the State pos-

sessed evidence favorable to Lopez, its existence would not require a new trial. The arresting officer testified that he found the shotgun shells on Lopez. The two officers about whom Vaidik testified were not the arresting officers. They did not conduct a search of Lopez's person and nor were they in the area when the arresting officer conducted the search of Lopez and found the shells. Accordingly, we affirm the postconviction court's denial of postconviction relief on this issue.

### III

Next, we determine whether Lopez received effective assistance of trial and appellate counsel. In essence, Lopez claims his attorneys, who represented him at trial and on appeal, did not meet the requirements of the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our supreme court has applied the *Strickland* standard in Indiana. *See, e.g., Johnson v. State*, 584 N.E.2d 1092 (Ind.1992), *cert. denied*, 506 U.S. 853, 113 S.Ct. 155, 121 L.Ed.2d 105 (1992).

First, Lopez must make a showing that the performance of his counsel was deficient. "Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through distortions of hindsight. Counsel is presumed competent, and appellant must present strong and convincing evidence to rebut the presumption." *Clark v. State*, 561 N.E.2d 759, 763 (Ind.1990). We determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* A defendant must demonstrate that counsel's performance was unreasonable under the prevailing professional norms. *Turner v. State*, 580 N.E.2d 665 (Ind.1991). "The proper judicial approach is highly deferential and requires a consideration of the totality of the evidence before the jury." *Johnson*, 584 N.E.2d at 1106.

Lopez alleges trial counsel: (1) failed to interview all of the police officers involved in the drug transaction and to uncover material statements by certain police officers concerning certain shotgun shells; (2) failed to conduct any financial analysis of Lopez's finances; (3) failed to properly explore and prepare for the testimony of Mr. Rodriguez, a codefendant and key witness for the State; and (4) failed to involve Lopez in trial preparation or strategy or to keep him informed of the progress of the defense.

 We note first that the issue of whether Lopez received effective assistance of trial counsel was visited by our supreme court in Lopez's direct appeal and pleaded by the State in its response to Lopez's petition. He is barred by *res judicata* from asserting the issue now. Second, any issues relating to the effectiveness of trial counsel not raised in Lopez's direct appeal are barred in this appeal due to his waiver of those issues. Third, we also reject Lopez's arguments as to the effectiveness of trial counsel with regard to the evidence of the shotgun shells because his *Brady* claim failed. Lopez did not prove there was material evidence which by a preponderance of the evidence would reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. His trial counsel was not ineffective because there was no such material evidence.

We turn finally to Lopez's claim of ineffective assistance of appellate counsel.[2] Lopez argues his appellate counsel was ineffective for the following: (1) failure to include in the record of proceedings a tape recording of a statement made by Mr. Rodriguez before trial exonerating Lopez; (2) failure to interview, depose, or otherwise obtain a statement from trial counsel concerning the ineffective assistance of trial counsel claim; (3) failure to utilize the *Davis/Hatton* procedure to develop the record for appeal; (4) failure to enumerate mitigating circumstances; and (5) failure to conduct research on the standard of "manifestly unreasonable" sentencing or to provide argument or explanation why Lopez's sentence was manifestly unreasonable.

---

**2.** Lopez, relying on *Minor v. State*, 641 N.E.2d 85 (Ind.Ct.App.1994), argues that the postconviction court erred in not making specific findings of fact and conclusions of law on the issue of ineffective assistance of appellate counsel. However, we held in *Minor* that "remand is not necessary where the facts underlying the claims are not in dispute and the issues are clear." *Id.* at 88. In spite of the postconviction court's failure to make specific findings of fact in *Minor*, we upheld the denial of postconviction relief. Likewise, in the spirit of judicial economy, we reject Lopez's contention on this matter.

Because Lopez received effective assistance of trial counsel, appellate counsel was not ineffective for failing to address putative shortcomings of trial counsel. Therefore, Lopez's second, fourth, and fifth claims of ineffective assistance of appellate counsel summarily fail. Likewise, Lopez's third claim of ineffective assistance of appellate counsel fails because the *Davis/Hatton* procedure involves a termination or suspension of a direct appeal already initiated, upon appellate counsel's motion for remand or stay, to allow a postconviction relief petition to be pursued in the trial court. *Davis v. State*, 267 Ind. 152, 368 N.E.2d 1149 (1977); *Hatton v. State*, 626 N.E.2d 442 (Ind.1993). If after a full evidentiary hearing, the postconviction relief petition is denied, the appeal can be reinitiated. Thus, in addition to the issues initially raised in the appeal, the issues litigated in the postconviction relief proceeding (e.g., ineffectiveness of trial counsel) can also be raised. In this way, even if the trial court denies the postconviction claim of ineffectiveness of trial counsel, a full hearing and record on the issue will be included in the appeal. Without utilizing this procedure, appellate counsel is forced to rely solely on the trial record. However, to the extent we have held that Lopez did not receive ineffective assistance of trial counsel, appellate counsel was not remiss in suspending the appeal while pursuing postconviction relief on the matter of effectiveness of trial counsel. Lopez's first claim of ineffective assistance of appellate counsel also fails. Our supreme court could not review Lopez's argument on appeal that the trial court erred by excluding Rodriguez's prior inconsistent statement which was offered to impeach Rodriguez as substantive evidence because the refused evidence was not placed in the record as an excluded exhibit. *Lopez*, 527 N.E.2d at 1124. Lopez argues that the failure of appellate counsel to include the excluded evidence in the record was tantamount to ineffective assistance of appellate counsel. However, Lopez fails to show how appellate counsel's omission prejudiced him, as is required by the second prong of *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Prejudice was defined in *Strickland* as follows: "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* At 695. Lopez fails to provide us with such a reasonable probability. We must not ignore why the tape was excluded from evidence. The trial court excluded the tape of Rodriguez's prior inconsistent statement because extrinsic proof of the statement was not needed, as Rodriguez had admitted to having made the prior inconsistent statement. In other words, the information on the tape was already before the trial court. Had the tape been excluded from evidence for another reason which caused the information on the tape not to have been presented to the trial court at all, then Lopez's claim of ineffective assistance of appellate counsel may have been strengthened because the impeachment of Rodriguez could not have occurred. As it stands, however, Lopez was able to impeach Rodriguez with Rodriguez's own admission of a prior inconsistent statement. Moreover, appellate counsel testified at the postconviction hearing that he did not include the tape in the record because he did not believe that the tape was available. Lopez has not proved that the tape was available to be included in the record.

Reversed, in part, and remanded to the postconviction court to reinstate Lopez's sentence as imposed by the trial court and upheld by our supreme court; affirmed, in part, on the issues presented on Lopez's cross-appeal.

DARDEN and HOFFMAN, JJ., concur.