## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2018, 9:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Otis B. Jetter, *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff*. | December 18, 2018 <br><br> Court of Appeals Case No. 18A-CR-428 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Lisa F. Borges, Judge <br><br> Trial Court Cause Nos. 49G04-1212-FA-82650 49G04-1411-PC-52294 |

**Brown, Judge.**

[1] Otis B. Jetter appeals his conviction for child molesting as a class A felony and the denial of his petition for post-conviction relief. He raises two issues which we revise and restate as:

    I.    Whether the trial court abused its discretion in instructing the jury; and

    II.    Whether Jetter was denied effective assistance of trial counsel.

We affirm.

## Facts and Procedural History

[2] On December 24, 2012, the State charged Jetter with: Count I, child molesting as a class A felony, which alleged that Jetter "on or between July 1, 1996 and November 28, 1996, being at least twenty-one (21) years of age, did perform or submit to deviate sexual conduct, an act involving" his penis and the anus of A.S., a child who was under the age of fourteen years, "that is: thirteen (13) years of age"; Count II, child molesting as a class B felony; and Count III, child molesting as a class B felony, which alleged that Jetter "on or about or between November 29, 1994 and November 28, 1995, did perform or submit to deviate sexual conduct, an act involving" his penis and the mouth of A.S., a child who was then under the age of fourteen years, "that is: twelve (12) years of age." Appellant's Appendix Volume II at 43-44. On December 9, 2013, the court dismissed Count II at the State's request and renumbered Count III as Count II for purposes of trial.

[3] On December 9 and 10, 2013, the court held a jury trial. A.S. testified that he was thirty-one years old, that he started attending Pilgrim Baptist Church when

he was twelve years old when Jetter was the pastor, and that Jetter would sometimes transport him to and from church. A.S. testified that Jetter told him that they would be going on a fishing outing but drove A.S. to an old airport, put his penis in A.S.'s mouth, ejaculated, and told him not to tell anyone what he had done. When asked how old he was when this happened, A.S. answered: "Twelve going on 13." Trial Transcript Volume I at 53. When asked how he remembered that, A.S. answered: "I recall because my birthday was coming up to be 13 and my family threw me a birthday party. And I remember I got to drink some O'Doul's. I thought that was liquor and it wasn't." *Id.*

[4] A.S. testified that Jetter took him to a side street in Haughville after one service, pulled over, put his penis in A.S.'s anus, ejaculated, and told A.S. to go in the restroom of a gas station and wipe himself off so that A.S. would have no evidence on him. A.S. testified that he was thirteen years old when this incident occurred. When asked how much time passed between the incident at the airport and the one at the side street, A.S. answered: "Just maybe – maybe six months to almost a year. It wasn't that far behind." *Id.* at 59.

[5] A.S. also testified that Jetter drove him to a hotel another evening after church, penetrated his anus with his penis, and ejaculated. When asked when this incident occurred, A.S. answered: "Going on 14 – 13 going on almost 14." *Id.* at 58. He testified that the motivating factor in telling his great aunt about what happened was seeing Jetter with another young man in church. On cross-examination, A.S. testified that the time between the first incident and the last incident was "six months to almost a year." *Id.* at 126. On redirect

examination, when asked how much time had passed between "the first incident and the last time" Jetter ever touched him, A.S. answered: "The first two was close. That next one was right before I was turning my 14th birthday. Not my 14th birthday, before I was turning 14. Not my 14th birthday. Not my 14th birthday, but it was right before I even turned 14." *Id.* at 142-143.

[6] The State also presented the testimony of A.S.'s great aunt, A.S.'s stepmother, A.S.'s brother, Indianapolis Metropolitan Police Detective Genae Cook, and Willie Rupert, a trustee of the Pilgrim Baptist Church. Jetter's counsel cross-examined the witnesses.

[7] After the State rested, Jetter's counsel stated: "I'd move the Court to – for a dismissal because the evidence doesn't support the charges that's made at this point in time. And I support the (unintelligible) dismissal against the State and for Dr. Jetter – Reverend Jetter." Trial Transcript Volume II at 289-290. The prosecutor stated that she believed the State had proven the elements of both charges beyond a reasonable doubt through the testimony of A.S., A.S.'s stepmother, A.S.'s brother, Rupert, and Detective Cook. The court denied the motion.

[8] Defense counsel presented the testimony of Robert Louis Smith regarding the vehicles Jetter had owned and the testimony of Barbara Gaither who stated that her grandchildren were allowed to spend nights with Jetter. Jetter testified that he was born on August 31, 1942, and that he did not molest A.S. On cross-examination, Jetter testified that A.S. never rode in his vehicle and that he told

the detective that A.S. did ride in his vehicle "[b]ecause I probably didn't understand what she was saying." *Id.* at 323. Jetter agreed that A.S. had no reason to make up the allegations.

[9] The State proposed the following jury instruction:

> Time is not an element of the crime of Child Molesting. If you find that the evidence available to the State of Indiana does not permit the State to specify the exact date of the offense, and if you find beyond a reasonable doubt that [Jetter] committed the offenses within reasonable proximity to the date alleged, then the State has met its burden of proof on the issue of the time of the offense.

Appellant's Appendix Volume II at 212. Jetter's counsel objected and asserted that "there's been no challenge to the case or in the testimony about the time on this other reporting," that "[w]hether or not the statute of limitations apply, or when it was reported, or how the charges were filed," and that "unless [the jurors] are told, this has [sic] no reason to think it in the first place." Trial Transcript Volume II at 341-342. He also stated:

> I'm not challenging whether or not it's good law, Your Honor. What my argument is, is there's been no challenge. This is not in order to be dismissed based on the child's inability to remember a date. This is not a statute of limitations case. It does not cover any issue that's been contested during the hearing. There's no basis for giving the instruction. There's been no evidence that was challenged on that issue.

*Id.* at 342. The court stated:

This doesn't refer to the statute of limitations. There was questioning during the trial that was presented to the jury that there was a previous time during which the complaining witness disclosed to a person named Tamika. So there was some mention of that, and this does elude – this does say a little more about whether time is an element or not, and it is a statement that is good law.

*Id.* at 343. The court overruled the objection and gave the instruction as Final Instruction No. 20. The jury found Jetter guilty of child molesting as a class A felony and child molesting as a class B felony.

[10] On January 14, 2014, the court held a sentencing hearing. Jetter's trial counsel stated:

First, Your Honor, if I may, I would move the Court to grant Otis Jetter a new trial based on the fact that I believe that I was ineffective at his trial, and in the preparation of his trial. I would point the Court to one error that I'm sure the Court observed and I made the motion to dismiss in front of the jury in which I knew your ruling would be that they had met their burden at that time of the trial. I think it improperly and heavily influenced the jury. And I failed to correct that error by either attempting myself to explain to the jury what that motion meant and the affect [sic] it had legally. And I failed to ask the Court for a curative instruction at the time when I think the Court may have been willing to grant my request for a curative instruction.

*Id.* at 401-402. The prosecutor argued that defense counsel's strategic decisions were made during the course of the trial, that defense counsel provided adequate and proper representation, and that the facts and A.S.'s testimony convicted Jetter. Upon questioning by the court, defense counsel stated that he

had been in practice since 1978, practiced in major felony courts, and had been a prosecutor. The court stated: "[I]t appeared to me that the decisions you were making were those that you felt at the time were in the best interest of your client. I don't believe that what you've raised are things that would place the Defendant in grave peril. And for those reasons, I would deny your motion." *Id.* at 404. The court sentenced Jetter to thirty years for child molesting as a class A felony and ten years for child molesting as a class B felony and ordered the sentences to be served consecutive to each other.

On January 29, 2014, Jetter filed a notice of appeal. On June 3, 2014, this Court granted Jetter's motion to remand to the trial court and dismissed the appeal without prejudice so that Jetter could pursue post-conviction relief before the trial court.[1] On November 14, 2014, Jetter filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel.

On June 21, 2016, the court held an evidentiary hearing. Jetter's trial counsel testified that he practiced since 1978 and his practice had been largely criminal defense work. He testified that he admitted to the trial court that he had erred and thought that the error had caused Jetter to be improperly convicted. On

---

[1] The *Davis/Hatton* procedure involves a termination or suspension of a direct appeal already initiated, upon appellate counsel's motion for remand or stay, to allow a post-conviction relief petition to be pursued in the trial court. *Taylor v. State*, 929 N.E.2d 912, 917 n.1 (Ind. Ct. App. 2010) (citing *State v. Lopez*, 676 N.E.2d 1063, 1069 (Ind. Ct. App. 1997) (citing *Hatton v. State*, 626 N.E.2d 442 (Ind. 1993); *Davis v. State*, 267 Ind. 152, 368 N.E.2d 1149 (1977)), *trans. denied*), *trans. denied*. Ind. Appellate Rule 37(A) ("At any time after the Court on Appeal obtains jurisdiction, any party may file a motion requesting that the appeal be dismissed without prejudice or temporarily stayed and the case remanded to the trial court . . . for further proceedings. The motion must be verified and demonstrate that remand will promote judicial economy or is otherwise necessary for the administration of justice.").

February 5, 2018, the court entered a twenty-one page order denying Jetter's post-conviction petition.

## Discussion

### I.

[13] The first issue is whether the trial court abused its discretion in instructing the jury. Generally, "[t]he purpose of an instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict." *Overstreet v. State*, 783 N.E.2d 1140, 1163 (Ind. 2003), *cert. denied*, 540 U.S. 1150, 124 S. Ct. 1145 (2004). Instruction of the jury is generally within the discretion of the trial court and is reviewed only for an abuse of that discretion. *Id.* at 1163-1164. To constitute an abuse of discretion, the instruction given must be erroneous, and the instructions taken as a whole must misstate the law or otherwise mislead the jury. *Benefiel v. State*, 716 N.E.2d 906, 914 (Ind. 1999), *reh'g denied*, *cert. denied*, 531 U.S. 830, 121 S. Ct. 83 (2000).

[14] Before a defendant is entitled to a reversal, he must affirmatively show that the erroneous instruction prejudiced his substantial rights. *Lee v. State*, 964 N.E.2d 859, 862 (Ind. Ct. App. 2012) (citing *Gantt v. State*, 825 N.E.2d 874, 877 (Ind. Ct. App. 2005)), *trans. denied*. An error is to be disregarded as harmless unless it affects the substantial rights of a party. *Id.* (citing *Oatts v. State*, 899 N.E.2d 714, 727 (Ind. Ct. App. 2009); Ind. Trial Rule 61).

[15]     Jetter argues that Final Instruction No. 20 was unnecessary. He contends that "it was essential for the State to prove that Count 1 occurred between the dates charged in the information; that is, that Jetter committed the crime between July 1, 1996 and the alleged victim's fourteenth birthday in November 1996." Appellant's Brief at 17. He argues that A.S.'s testimony left reasonable doubt about whether Jetter committed the offense charged in Count I before or after the July 1, 1996 statutory amendment, while Instruction No. 20 expressly permitted the jury to convict him of a class A felony, regardless of the timing, as long as it occurred within reasonable proximity to the date alleged. He asserts that Instruction No. 20 led the jury to believe that he could be convicted of a class A felony for conduct occurring before the 1996 amendment to Ind. Code § 35-42-4-3(a)(1) took effect, and thereby created a risk that the jury would convict him of an *ex post facto* crime. Jetter also argues that the lack of a specific instruction on jury unanimity resulted in fundamental error. The State argues that Final Instruction No. 20 was not unnecessary and that no fundamental error resulted.

[16]     With respect to Jetter's argument that Final Instruction No. 20 was unnecessary, we observe that Jetter's trial counsel stated that he was not challenging whether the instruction was good law. Indeed, the Indiana Supreme Court has held that "[i]n general, the precise time and date of the commission of a child molestation offense is not regarded as a material element of the crime." *Baker v. State*, 948 N.E.2d 1169, 1174 (Ind. 2011), *reh'g denied*. The Court also held that it had "long recognized 'that time is not of the essence

in the crime of child molesting. It is difficult for children to remember specific dates, particularly when the incident is not immediately reported as is often the situation in child molesting cases.'" *Id.* (quoting *Barger v. State*, 587 N.E.2d 1304, 1307 (Ind. 1992) (citations omitted), *reh'g denied*). Given the time elapsed between the offenses and the trial and the Supreme Court's holding in *Baker*, we cannot say that the trial court abused its discretion on the basis that Final Instruction No. 20 was unnecessary.

[17] We turn to Jetter's assertion that it was essential for the State to prove that Count I occurred between the dates charged in the information, "that is, that Jetter committed the crime between July 1, 2006 and the alleged victim's fourteenth birthday in November 1996" because "[o]ne day later, and the victim would be too old for that statute to apply" and "[o]ne day earlier, and Jetter would be subject only to a class B felony conviction under the previous version of the statute." Appellant's Brief at 17.

[18] Prior to July 1, 1996, Ind. Code § 35-42-4-3 provided that "a person, who with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony." The Legislature amended the statute to provide that effective July 1, 1996, "the offense is a Class A felony if . . . it is committed by a person at least twenty-one (21) years of age . . . ." The charging information for Count I alleged that Jetter "on or about or between July 1, 1996 and November 28, 1996, being at least twenty-one (21) years of age, did perform or submit to deviate sexual conduct, an act involving a sex organ, that is: penis of [Jetter]

and the anus of [A.S.], with [A.S.], a child who was then under the age of fourteen (14) years, that is: thirteen (13) years of age . . . ." Appellant's Appendix Volume II at 43.

[19] At trial, Jetter's counsel stated that Final Instruction No. 20 "does not cover any issue that's been contested during the hearing" and "[t]here's been no evidence that was challenged on that issue." Trial Transcript Volume II at 342. Jetter did not object on the basis of the amendment of the statute. Thus, Jetter has waived the issue for appellate review. *See Benefield v. State*, 904 N.E.2d 239, 245 (Ind. Ct. App. 2009), *trans. denied*; *see also Baker*, 948 N.E.2d at 1178 (observing the defendant did not object to the trial court's instruction and accordingly waived any challenge to the instruction); Ind. Trial Rule 51(C) ("No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.").

[20] To the extent Jetter asserts that Instruction No. 20 constituted fundamental error, we observe that fundamental error is an extremely narrow exception that allows a defendant to avoid waiver of an issue. *Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006). It is error that makes "a fair trial impossible or constitute[s] clearly blatant violations of basic and elementary principles of due process . . . present[ing] an undeniable and substantial potential for harm." *Id.* "This exception is available only in 'egregious circumstances.'" *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) (quoting *Brown v. State*, 799 N.E.2d 1064, 1068 (Ind. 2003)), *reh'g denied*. "Fundamental error is meant to permit appellate

courts a means to correct the most egregious and blatant trial errors that otherwise would have been procedurally barred, not to provide a second bite at the apple for defense counsel who ignorantly, carelessly, or strategically fail to preserve an error." *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014), *reh'g denied*.

[21] A.S. testified to two incidents in which Jetter penetrated his anus with Jetter's penis. The first incident occurred on a side street in Haughville when A.S. was thirteen years old. The second incident occurred at a hotel before A.S.'s fourteenth birthday. Given that A.S. testified that the incident at the hotel occurred "right before" his fourteenth birthday, which Jetter acknowledges occurred in late November 1996,[2] that Jetter does not argue that the incident at the hotel occurred before the July 1, 1996 amendment to the statute, and that the sole issue at trial was A.S.'s credibility, we cannot say that Jetter has demonstrated fundamental error. Trial Transcript Volume I at 142.

[22] As for Jetter's argument that the lack of a specific instruction on jury unanimity resulted in fundamental error, we observe that the Indiana Supreme Court held the following in *Baker*:

> [T]he State may in its discretion designate a specific act (or acts) on which it relies to prove a particular charge. However if the State decides not to so designate, then the jurors should be instructed that in order to convict the defendant they must either unanimously agree that the defendant committed the same act or

---

[2] The transcript and Jetter's brief omitted A.S.'s birthday. However, Jetter notes after the mention of A.S.'s birthday that "[t]he charging information specifies a particular date in late November." Appellant's Brief at 7 n.2.

acts or that the defendant committed all of the acts described by the victim and included within the time period charged.

948 N.E.2d at 1177.

[23] In *Baker*, the State did not designate which specific act or acts of child molestation that it would rely upon to support the charging information and the jury instruction did not advise the jury that in order to convict the defendant the jury must either unanimously agree that he committed the same act or acts or that he committed all of the acts described by the victim and included within the time period charged. *Id.* at 1178. The Indiana Supreme Court observed that the defendant neither objected to the trial court's instruction nor offered any instruction of his own, held that the issue was waived, and reviewed it for fundamental error. *Id.* In doing so, the Court held that the "the only issue was the credibility of the alleged victims" and that "[t]he only defense was to undermine the young women's credibility by, among other things, pointing out inconsistencies in their statements, and advancing the theory that they were lying in retaliation for Baker getting C.B. into trouble." *Id.* at 1179. The Court concluded:

> Essentially "this case is about whether or not these kids will lie about [Baker] and make stuff up about him . . . ." *See State v. Muhm*, 775 N.W.2d [508, 521 (S.D. 2009)] (internal citation omitted) (rejecting on harmless error grounds a claim that trial court erred in failing to give jury unanimity instruction in child sexual assault case where defendant requested no such instruction). "Ultimately the jury resolved the basic credibility dispute against [Baker] and would have convicted the defendant

of *any* of the various offenses shown by the evidence to have been committed." *See id.* (emphasis in original). We conclude Baker has not demonstrated that the instruction error in this case so prejudiced him that he was denied a fair trial.

*Id.* Similar to *Baker*, the only issue was the credibility of A.S. We conclude that Jetter has not demonstrated fundamental error.

## II.

The next issue is whether Jetter was denied effective assistance of trial counsel. Before addressing Jetter's allegations of error, we note the general standard under which we review a post-conviction court's denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Fisher*, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* In this review, we accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), *reh'g denied*). A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *Id.* To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Perez v. State*, 748 N.E.2d 853, 854 (Ind. 2001). Failure to satisfy either prong will cause the claim to fail. *French*, 778 N.E.2d at 824. Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. *Id.*

When considering a claim of ineffective assistance of counsel, a "strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Morgan v. State*, 755 N.E.2d 1070, 1072 (Ind. 2001). "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." *Williams v. State*, 771 N.E.2d 70, 73 (Ind. 2002). Evidence of isolated poor strategy, inexperience, or bad tactics will not support a claim of ineffective assistance of counsel. *Clark v. State*, 668 N.E.2d 1206, 1211 (Ind. 1996), *reh'g denied*, *cert. denied*, 520 U.S. 1171, 117 S. Ct. 1438 (1997). "Reasonable strategy is not subject to judicial second

guesses." *Burr v. State*, 492 N.E.2d 306, 309 (Ind. 1986). We "will not lightly speculate as to what may or may not have been an advantageous trial strategy as counsel should be given deference in choosing a trial strategy which, at the time and under the circumstances, seems best." *Whitener v. State*, 696 N.E.2d 40, 42 (Ind. 1998).

[27] Jetter claims his trial counsel was ineffective for moving for dismissal of the charges in the presence of the jury after the prosecution rested. The State argues that defense counsel was an effective advocate, this is the sort of isolated mistake that does not render trial counsel's performance as a whole constitutionally inadequate, and Jetter was not prejudiced.

[28] The post-conviction court's order states in part:

> Ultimately, petitioner has not met his burden regarding prejudice, having failed to show a reasonable probability of a more favorable outcome at trial had [his trial counsel] either made his motion for directed verdict outside of the jury's presence or requested a curative instruction. The motion for a directed verdict was exceptionally fleeting, as was the State's response and court's ruling. *See* Tr. 289-90. In addition, Jetter's jury was instructed twice by the court of the following:
>
> > Your verdict should be based only on the evidence admitted and the instructions on the law. Nothing that I say or do is intended to recommend what facts or what verdict you should find.
>
> Preliminary Instruction No. 9; Final Instruction No. 23. Without prejudice, this claim fails.

Appellant's Appendix Volume II at 14-15.

In light of the relatively concise exchange regarding the motion to dismiss and the jury instructions, we cannot say that the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court.

## *Conclusion*

For the foregoing reasons, we affirm Jetter's conviction and the denial of his petition for post-conviction relief.

Affirmed.

Altice, J., and Tavitas, J., concur.